## WILBUR *v.* ABBOT.

*(Circuit Court, D. New Hampshire.* December 21, 1880.)

**1. AMENDMENT OF DECLARATION.**

Although two special demurrers to the plaintiff's declaration for matters of form have been sustained, the court will permit the plaintiff to amend upon terms, it appearing that the case is important and difficult, and that if the amendment was not allowed a part of the plaintiff's remedy would be cut off by an exercise of the discretion from which there is no appeal.

*Sawyer & Sawyer, Jr.,* and *Mr. Morrison,* for plaintiff.

*S. C. Eastman,* for defendant.

LOWELL, C. J. This action of debt has been pending several years, and has not yet reached an issue. Two special demurrers to the declaration have been sustained, and delays have happened through other causes. The facts are complicated, and the plaintiff seems to find some embarrassment in setting them out in due form.

Isaac L. Wilbur, the plaintiff, was one of the firm of Wilbur & Borge, of New Orleans, and also syndic for their creditors. Edward A. Abbot, the defendant, was one of the firm of J. S. & E. A. Abbot, of Concord, New Hampshire, and is now the surviving partner and administrator of his father. There were cross-demands between the Abbots and Wilbur & Borge. Wilbur, as syndic, sued the Abbots in the fifth district court of the city of New Orleans, and procured service upon some one who was returned by the officer as J. S. Abbot, one of the partners. It is said that, in fact, it was another Abbot, not connected with the firm. Upon this service Wilbur recovered judgments against both Abbots, by default, for $23,000 and more.

About the same time the Abbots sued Wilbur & Borge for $3,200 in the third district court for the city of New Orleans. Wilbur appeared to this suit, and set up, by way of reconvention or set-off, the same debt for which the action was pending in the fifth district court. Thereupon, just after judgment had been obtained in that suit, the attorney for the Abbots objected to the reconventional demand that it was the same

debt already sued on by Wilbur, and for which judgment had
been obtained in the fifth district court. The court held this
a good objection, and disallowed the set-off. A few days later
the Abbots brought a suit of nullity to set aside the judg-
ments against them, on the ground that no service had been
made on either of them. The plaintiff, Wilbur, objected that
they were estopped from setting up that the judgment was
unauthorized, because they had treated it and relied upon it
in the other suit as a valid judgment, and had thereupon
obtained a certain advantage in that suit.

The estoppel was recognized by the court, and the suit for
nullity was dismissed; and the dismissal was affirmed on
appeal. *Abbot* v. *Wilbur*, 22 La. An. 368. The suit now
pending here is on this judgment. While it has been pend-
ing, a case in the supreme court of New Hampshire by Wilbur
against this same defendant, as administrator of his father,
has been going on, and the full bench have once decided that
the estoppel does not exist, and that the judgment is void.
There has been a rehearing of the case, however, and whether
this opinion will be changed cannot now be known. Special
demurrers having been sustained to the plaintiff's declaration
here, he now moves to amend. Upon the face of it, this is a
case where two of the highest courts of the states have dif-
fered in opinion. I must assume, therefore, that there is
much to be said on both sides, and not, as the defendant would
persuade me, that it is a wholly groundless and vexatious
suit. The special demurrers have been as all special demur-
rers are to matters of form. I do not feel at liberty to pre-
clude further hearing of a case of such apparent importance
and difficulty by denying a motion to amend. Suppose the
supreme court at Washington should be appealed to from the
judgment of the New Hampshire court, if it is against the
plaintiff, or suppose that court should change its opinion, and
it should turn out that there is a valid judgment by way of
estoppel, if I refuse to allow an amendment, I shall have cut
off part of the plaintiff's remedy by an exercise of the discre-
tion which is unappealable, and he must be content to take
judgment against the administrator only, and lose that against

the surviving partner. It seems to be a case where the plaintiff should be permitted upon proper terms to state his side of it in his own way, not only once, but twice or thrice, or more. But there should be terms, not only of costs, but the plaintiff should stipulate, if the defendant desires it, that service was not made upon either of the partners. This fact I understand to be conceded, but it may be difficult of proof hereafter. I do not know exactly how the first count stands after the two demurrers. Three proposed counts, purporting to be subsequent to the first, and counting on matters occurring after the original judgment, may be filed; and the plaintiff may file within six days such count on the original judgment as he may be advised: *provided*, that before either of these amendments are allowed as part of the record, the plaintiff shall pay the defendant's costs to this time, and file, if the defendant requires it, the stipulation above mentioned.